UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **WEATHERFORD U.S., L.P.** *et al.*, § | |
| § | |
| **Plaintiffs,** § | |
| § | |
| v. § | CIVIL ACTION NO. 4:23-cv-3416 |
| § | |
| **IRON IQ, INC.,** § | |
| § | |
| **Defendant.** § | |

## AMENDED MEMORANDUM AND RECOMMENDATION

Pending before the Court is Plaintiff Weatherford U.S., L.P. and Weatherford Technology Holdings, LLC's (collectively, "Weatherford") Motion for Judgment on the Pleadings and Motion for Leave to File Second Amended Complaint (ECF Nos. 52, 65) and Defendant Iron IQ, Inc.'s ("Iron IQ") Motion for Partial Judgment on the Pleadings and Motion for Leave to Amend Counterclaims. (ECF Nos. 72, 84).[1] On June 7, 2024, the Court issued a Memorandum and Recommendation. (ECF No. 93). On June 21, 2024, Weatherford and Iron IQ filed objections to the Memorandum and Recommendation. (ECF Nos. 94, 96).

---

[1] On April 24, 2024, this case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (ECF No. 88).

The Court agrees with an objection that Weatherford asserts, namely, that Weatherford is entitled to judgment on the pleadings with respect to Iron IQ's tortious interference with prospective business.[2] (ECF No. 96 at 2). The Court recognizes that promissory estoppel is not a tort that can serve as independent tortious conduct, as required for a tortious interference with prospective business claim. *See Cap. Guidance Assocs. IV v. NCNB Tex. Nat. Bank*, No. 90-cv-331, 1991 WL 210740, at *6 (S.D. Tex. Oct. 7, 1991) ("As a matter of law, promissory estoppel is not a tort."). As such, the Court amends the Memorandum and Recommendation and denies Iron IQ's Motion for Leave to Amend Counterclaims (ECF No. 84) with respect to its tortious interference with prospective business claim and recommends granting Weatherford's Motion for Judgment on the Pleadings (ECF No. 52) with respect to Iron IQ's tortious interference with prospective business claim.

The Court now **RECOMMENDS** Weatherford's Motion for Leave to File Second Amended Complaint (ECF No. 65) be **GRANTED**, Iron IQ's "Cross-Motion" for Attorney's Fees (ECF No. 70) be **DENIED**, Iron IQ's Motion for

---

[2] Iron IQ concedes that breach of contract cannot serve as an independent tort for a tortious interference with prospective business claim and that there is no case law supporting that a promissory estoppel claim can serve as an independent tort for a tortious interference with prospective business claim. (ECF No. 98 at 3). Rather, Iron IQ maintains that its newly asserted antitrust claims can serve as independent torts to support its tortious interference with prospective business claim. (*Id.*). However, the Court has denied Iron IQ's Motion for Leave to Amend Counterclaims with respect to the antitrust claims, and thus, the antitrust claims cannot serve such a purpose.

Partial Judgment on the Pleadings (ECF No. 72) be **DENIED**, and Weatherford's Motion for Judgment on the Pleadings (ECF No. 52) be **GRANTED IN PART** with respect to Iron IQ's tortious interference with prospective business claim and **DENIED IN PART** with respect to Iron IQ's tortious interference with a contract claim. Additionally, Iron IQ's Motion for Leave to Amend Counterclaims (ECF No. 84) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Iron IQ's Motion for Leave to Amend Counterclaims for unlawful monopolization and attempted monopolization under § 2 of the Sherman Act for the Relevant SCADA Market and the Relevant Integrator Market are **DENIED**;

2. Iron IQ's Motion for Leave to Amend Counterclaims for its § 15.05(b), (c) TFEAA claims in the Relevant SCADA Market and the Relevant Integrator Market are **DENIED**;

3. Iron IQ's Motion for Leave to Amend Counterclaims for its promissory estoppel claim is **GRANTED**;

4. Iron IQ's Motion for Leave to Amend Counterclaims for its tortious interference with business relations claim is **DENIED**; and

      5. Iron IQ's Motion for Leave to Amend Counterclaims for its tortious interference with a contract claim is **GRANTED**.

The Clerk shall send copies of this Amended Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

    **SIGNED** in Houston, Texas on July 10, 2024.

                                                  _____
                                                  Richard W. Bennett
                                                United States Magistrate Judge